**IT IS ORDERED as set forth below:**

Date: June 28, 2011

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO 11-66829 |
| VISION FOR SOULS OUTREACH CENTER CHURCH, INC., | ) ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| MOVANT, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| VISION FOR SOULS OUTREACH CENTER CHURCH, INC., | ) ) | |
| | ) | |
| RESPONDENT/DEBTOR. | ) | |

**INTERIM CONSENT ORDER GRANTING ADEQUATE PROTECTION PAYMENTS**

8552776_3.DOC

Bank of America, N.A.'s Motion For Relief From the Automatic Stay; Or, In the Alternative, to Dismiss; Or, In the Alternative, for Adequate Protection (the "Motion")[1] was scheduled for a hearing on June 28, 2011. By agreement of counsel for Bank of America, N.A. (the "Bank") and counsel for Vision for Souls Outreach Center Church, Inc. ("Debtor"), the parties stipulate as follows:

1. Debtor filed its second petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, on June 6, 2011 (the "Filing Date"), one day before the Bank's foreclosure scheduled for June 7, 2011.

2. Debtor executed a certain Promissory Note dated March 29, 2007, in favor of Bank in the original principal amount of $4,500,000.00 (as amended and/or modified, collectively the "Note").

3. Debtor executed that certain Business Loan Agreement dated March 29, 2007 (the "Loan Agreement"), in favor of Bank.

4. As security for the indebtedness evidenced in part by the Note, Debtor granted Bank, under a certain Security Deed dated March 29, 2007 (the "Security Deed"), a security interest in seven parcels of real property in Cobb and Douglas Counties (all as more particularly described in the Security Deed, collectively the "Real Property"), which security interest is recorded in the land records and properly perfected. The indebtedness evidenced in part by the Note is further secured by a certain Assignment of Rents dated March 29, 2007 (the "Assignment of Rents"), which Assignment of Rents is also recorded in the land records and properly perfected.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as ascribed to them in the Motion.

2

5. Debtor executed that certain Assignment of Life Insurance Policy as Collateral whereby that certain life insurance policy described therein was assigned to Bank ("Life Insurance Assignment").

6. Debtor is in default under the Note, Loan Agreement, Security Deed, Assignment of Rents, Life Insurance Assignment and other Loan Documents.

7. The total principal, payment deferrals and interest owed to Bank under the Loan Documents as of the Filing Date was approximately $4,786,736.89, plus interest presently accruing thereafter at a rate of $768.40819 per day, exclusive of attorneys' fees and other costs, which are also due and owing.

8. The debt is absolutely and unconditionally owing by Debtor to the Bank, without defense, offset or counterclaim.

9. Debtor hereby agrees not seek to recover out of the Real Property, or any other of the Bank's collateral, any costs or expenses of preserving or disposing of the Real Property, and hereby irrevocably waives any and all rights to recover any costs and expenses related to the preservation or disposition of property of the bankruptcy estate from the Real Property under 11 U.S.C. § 506(c) and/or any other provision of 11 U.S.C. §§ 101, *et seq*.

10. Based upon the foregoing and the Motion, the Motion having been read and considered, adequate notice having been given in accordance with Federal Rule of Bankruptcy Procedure 4001(d), the entire record of this case, and for good cause shown, it is hereby ORDERED that:

A. The Motion is granted in part, and denied in part, as set forth herein.

B. Bank is a validly perfected, first-priority, secured creditor, and is entitled to the payments and protections set forth herein.

    C.    Partial adequate protection of Bank's interest shall be made as follows:

        a.    The Debtor shall be permitted to use and possess the Real Property, and the Automatic Stay of 11 U.S.C. § 362 shall remain in force and effect, conditioned upon compliance with the terms and conditions of this Interim Consent Order.

        b.    <u>Beginning July 15, 2011</u>, and continuing on the 1st and 15th days of each month thereafter (two payments per month), the Debtor shall remit partial adequate protection payments to the Bank in the amount of $13,000.00 via immediately available wire payment using the following wiring instructions (full, unredacted wire instructions have been provided to Debtor's counsel):

Wire to:<br>
Commercial Collections/Bank of America, N.A., Charlotte, NC<br>
ABA Number: XXXXX9593<br>
Account Number: XXXXXXXX3243<br>
Reference: Vision For Souls XX-XXXXXX3-356<br>
Contact on Arrival: Julie Smith 980-386-6709

        c.    <u>Beginning July 5, 2011</u>, and continuing on Tuesday of every week thereafter, the Debtor shall remit weekly financial reports via electronic mail sent to Bank's counsel detailing the following: 1) number of church services held in the immediately preceding week; 2) number of attendees for each service held in the immediately preceding week; 3) amount of total collections and donations from each service in the immediately preceding week; 4) number of persons enrolled in any daycare services, classes or school for the immediately preceding week; and 5) the amount

4

        of gross revenue from all daycare, classes or schools for the immediately preceding week, each in form and substance acceptable to Bank in its sole, good faith discretion, and each report being signed by a duly authorized representative of Debtor, as being true and correct to the best of said representative's knowledge, information and belief.

d.     On or before July 5, 2011, Debtor shall provide Bank with a fully and accurately completed Church Financial Questionnaire in form and substance acceptable to Bank in its sole, good faith discretion, and such questionnaire being signed by a duly authorized representative of Debtor, as being true and correct to the best of said representative's knowledge, information and belief.

e.     Debtor shall strictly comply with the terms and conditions of this Interim Consent Order.

f.     All provisions of the Loan Documents, except as modified herein, shall remain in full force and effect.

g.     The Debtor shall maintain adequate comprehensive and liability insurance on the Real Property designating Bank as the loss payee. Within five (5) days of a request by Bank, the Debtor shall provide to Bank proof of insurance.

h.     Bank shall be entitled to inspect the Real Property at any time upon written notice to the Debtor of the date, location and time of the planned inspection.

    i.    Until and unless the automatic stay is lifted by order of this Court or by operation of law, in the event the Debtor defaults once on any term or condition of this Interim Consent Order, then upon notice of default sent by first class mail to Debtor and Debtor's attorney, and failure of Debtor to cure such default within ten (10) days from the date such notice is sent, Bank may file a motion and affidavit of default with the Court, with service upon Debtor and Debtor's attorney, and the Court may enter an order lifting the automatic stay as to Bank and allowing Bank to exercise its rights and remedies, pursuant to the Note, Loan Agreement, Security Deed, Assignment of Rents, Life Insurance Assignment, other Loan Documents, and applicable non-bankruptcy law, including, but not limited to, accelerating the indebtedness due under the Note and foreclosing on the Real Property and other collateral, without further notice or hearing. Following Debtor's second (or more) default on any term or condition of this Interim Consent Order, Bank shall not be required to send any notice of default to Debtor and may file a motion and affidavit of default with the Court, with service upon Debtor and Debtor's attorney, and the Court may enter an order lifting the automatic stay as to Bank and allowing Bank to exercise its rights and remedies, pursuant to the Note, Loan Agreement, Security Deed, Assignment of Rents, Life Insurance Assignment, other Loan Documents, and applicable non-bankruptcy law, including, but not limited to, accelerating the indebtedness due under the Note and

        foreclosing on the Real Property and other collateral, without further notice or hearing.

j.    The provisions of this Interim Consent Order shall be binding upon the Debtor and its successors and assigns, with the exception of any Chapter 11 or Chapter 7 Trustee who may be appointed in this case. By entry hereof, the Debtor has waived all rights to seek a re-determination regarding any issue addressed hereby.

k.    This Order is effective immediately upon entry notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3) and without any further notice or hearing, pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(4).

l.    Nothing contained in this order shall be deemed to constitute a finding with respect to the adequacy of the protection of interests of Bank in the Real Property or a waiver by Bank of its right to seek additional relief or other relief in this Chapter 11 case, including, without limitation, the right to seek a dismissal or conversion of this Chapter 11 case or to seek the appointment of a trustee or examiner.

**END OF DOCUMENT**

| **Stipulated and Consented to by:** | **Stipulated and Consented to by:** |
|---|---|
| MILLER & MARTIN PLLC | PAUL REECE MARR, P.C. |
| /s/ Christopher M. Walsh | /s/ Paul Reece Marr (by Christopher Walsh with express permission |
| Paul M. Alexander | Paul Reece Marr |
| Georgia Bar No. 009003 | Georgia Bar No. 471230 |
| palexander@millermartin.com | Paul Reece Marr, P.C. |
| Christopher M. Walsh | 300 Galleria Parkway, N.W. |
| Georgia Bar No. 140830 | Suite 960 |
| cwalsh@millermartin.com | Atlanta, GA 30339-5949 |
| 1170 Peachtree Street NE, Suite 800 | (770) 984-2255 |
| Atlanta, GA 30309-7649 | |
| (404) 962-6100 | |
| (404) 962-6300 (Facsimile) | |
| *Attorneys for Bank of America, N.A.* | *Attorneys for Vision For Souls Outreach Center Church, Inc.* |

8

**Distribution List**

Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Spring Street, S.W.
Atlanta, GA 30303

Paul M. Alexander
Christopher M. Walsh
MILLER & MARTIN PLLC
1170 Peachtree Street NE, Suite 800
Atlanta, GA 30309-7649

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339-5949

Vision For Souls Outreach Center Church, Inc
P.O. Box 852
Mableton, GA 30126-0852